**E-FILED**
Friday, 06 March, 2009  10:51:16 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-30016 |
| | ) | |
| BRYANT K. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

On April 1, 2008, the Court appointed the Federal Public Defender's

Office to assist Defendant Williams in filing a motion for reduction of

sentence based on the retroactive Amendment to the sentencing guideline

range regarding crack cocaine sentencing.  The Federal Public Defender's

Office has now filed a Motion to Withdraw as Counsel (d/e 38).

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a

term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing
> range that has subsequently been lowered by the
> Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the

1

> Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On June 17, 2004, the Defendant was sentenced by this Court to a sentence of 96 months imprisonment based on a conviction for distribution of cocaine base. His base offense level was 26, which was decreased three levels for acceptance of responsibility. His total offense level was 23, which, with a criminal history category of VI, resulted in a guideline range of 92 to 115. However, because Defendant had a statutory minimum of 120 months, his sentencing range became 120 months. The Government moved for a downward departure based on substantial assistance, and the Court sentenced Defendant to 96 months.

Because Defendant's sentence was based on a statutory minimum, not a guideline range, the Federal Public Defender's Office has concluded that Defendant does not qualify for a sentence reduction. See United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2008). Thus, the Federal Public Defender's Office has moved to withdraw.

THEREFORE, the Federal Defender's Motion to Withdraw as

Counsel (d/e 38) is ALLOWED. Defendant is allowed to pursue this matter *pro se.* Defendant shall file with this Court no later than April 15, 2009, a pleading that either (a) concedes that the Amendment does not apply, or (b) explains why the Amendment applies in spite of the fact that he was not sentenced based on a guideline range.

IT IS THEREFORE SO ORDERED.

ENTER: March 5, 2009

FOR THE COURT.

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE